UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ANNETTE GARDNER** | **CASE NO. 6:18-CV-01152** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **CATO CORP** | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

This case was originally filed in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, on May 22, 2018. On September 4, 2018, the defendant, The Cato Corporation, removed the case to this Court, alleging that subject-matter jurisdiction exists under 28 U.S.C. § 1332, because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. Because the party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction, the Cato Corporation bears the burden in this case.[1] Having reviewed the pleadings, this Court has found that the parties are diverse in citizenship but that the defendant has failed to establish that the amount in controversy exceeds the jurisdictional threshold. For that reason, as explained herein, this Court recommends that this matter be remanded to Louisiana's 15th Judicial District Court for the Parish of Lafayette.

---

[1] *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253-54 (5th Cir. 1998).

This case arises out of an incident which allegedly occurred on June 11, 2017, through which the plaintiff claims that she was injured by a shelf collapsing and falling on her foot, as she was shopping at Cato Fashions in Lafayette.[2] The plaintiff seeks to recover for her past, present, and future physical pain and suffering; past, present, and future medical, hospital and pharmaceutical expenses; past, present, and future mental anguish; past, present and future loss of enjoyment of life and loss of pursuit of happiness, plus legal interest, as well as any other general or equitable relief deemed proper.[3] The petition further states that the damages sought "are in an amount greater than the jurisdictional threshold for a trial by jury[,]" which in Louisiana is $50,000.[4] The petition is silent as to whether the jurisdictional threshold for diversity jurisdiction in this court has been met.

"Subject to specific exceptions not here relevant, Louisiana prohibits a plaintiff from alleging or demanding a specific dollar amount of damages, limiting the prayer for relief to 'such damages as are reasonable in the premises.'"[5] Thus, "[i]n such Louisiana situations, we permit the party seeking to maintain federal jurisdiction to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000."[6] "When the case is one that has been removed from

---

[2] Rec. Doc. 1-2, p. 3, ¶¶ 3-4.
[3] Rec. Doc. 1-2, p. 4, ¶ 6; and Rec. Doc. 1, pp. 1-2, ¶ 2.
[4] Rec. Doc. 1-2, p. 4, ¶ 6.
[5] *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (quoting La. Code Civ. Proc. art. 893(A)(1)).
[6] *Id.* (citations omitted).

state court, such party may satisfy this burden in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'"[7]

In its notice of removal, the defendant recognized that "it was not apparent from the face of Plaintiff's Petition that her damages exceeded the jurisdictional threshold of this Court."[8] As such, the defendant was required to set forth facts in controversy which support a finding of the requisite amount, by a preponderance of the evidence. Attached to the removal notice were emails between counsel for both parties, dated June 13 and 14, 2018, discussing the ongoing nature of the plaintiff's medical treatment and the plaintiff's resultant inability, at that time, to sign a draft stipulation circulated by defense counsel stipulating that damages do not exceed $75,000.00.[9] Also attached were the plaintiff's answers to requests for admission, in which the plaintiff denied the defendant's requests for admission that the damages in this case do not exceed $50,000.00 and $75,000.00, respectively, on the basis of "prematurity as medical treatment [was] still ongoing," as of August 2, 2018.[10] The

---

[7] *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original)).
[8] Rec. Doc. 1, p. 2, ¶ 6.
[9] Rec. Doc. 1-3.
[10] Rec. Doc. 1-4, p. 1.

defendant therefore contended, in its notice of removal, that the plaintiff's responses "leave open the possibility" that her damages could exceed $75,000.[11]

On December 3, 2018, the parties filed a joint report, pursuant to Federal Rule of Civil Procedure 26(f), in which they indicated disagreement as to whether jurisdiction is proper in this court. The plaintiff stated: "Given that plaintiff's treatment has been discontinued and the Plaintiff has reached maximum medical recovery at this time, Plaintiff does not believe the parameters to satisfy federal diversity jurisdiction have been met."[12] The defendant, on the other hand, relied on the plaintiff's failure to enter into a stipulation as to the amount of damages and pointed out that no motion to remand was filed in this court.[13] However, as this Court previously recognized, the plaintiff's failure to enter into such a stipulation does not prove that the plaintiff's damages exceed $75,000; it merely proves that no such stipulation was executed.[14] For those reasons, this Court found that the defendant had not established that the amount in controversy exceeds the jurisdictional threshold and ordered additional briefing.[15]

In response to that order, The Cato Corporation undertook to obtain supplemental discovery responses from the plaintiff and secure the plaintiff's

---

[11] Rec. Doc. 1, p. 2, ¶ 5.
[12] Rec. Doc. 11, p. 1, ¶ 2.
[13] *Id.*
[14] Rec. Doc. 12.
[15] *Id.*

deposition. The Cato Corporation now submits that "[n]either provides summary-judgment-type evidence supporting that the amount in controversy exceeds the jurisdictional minimum."[16] Rather, as stated by The Cato Corporation, "[t]his new evidence and testimony refutes any possibility that Plaintiff's damages exceed $75,000, and it is perplexing as to why Plaintiff's counsel still refuses to so stipulate."[17] The plaintiff did not file a response.

In light of the defendant's admitted failure to satisfy its burden of establishing that the amount-in-controversy requirement is satisfied, the undersigned finds that this Court lacks subject-matter jurisdiction over this action. Accordingly,

IT IS RECOMMENDED that this case be remanded to the 15th Judicial District Court, Lafayette Parish, Louisiana, for lack of subject-matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

---

[16] Rec. Doc. 13, p. 1.
[17] *Id.*

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[18]

Signed at Lafayette, Louisiana, this 19th day of February, 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[18] *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).